UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KAMEDULA, | |
|     Petitioner, | 3:11-cv-00533-RCJ-VPC |
| vs. | |
| GREG SMITH, *et al.*, | **ORDER** |
|     Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* On July 25, 2011, petitioner submitted his petition to the court. (ECF No. 1.) On February 22, 2012, respondents filed a motion to dismiss. (ECF No. 10.) On February 28, 2012, petitioner moved for leave to file an amended petition. (ECF No. 14.) Respondents opposed the motion. (ECF No. 16.)

Petitioner seeks to amend his petition so that he can better conform his federal petition to the post-conviction petition he submitted in state court. Respondents argue that the court should deny petitioner's motion to amend because he failed to attached the proposed amended petition as required by local rule.

Under 28 U.S.C. § 2254 R. 11, the Federal Rules of Civil Procedure are applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules. *Morrison v. Mahoney*, 399 F.3d 1042, 1046 n. 5 (9th Cir. 2005). A party may amend its pleading at any time during a proceeding either with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). "The court

should freely give leave when justice so requires." *Id*. In considering whether to grant or deny leave to amend, a court may "take into consideration such factors as 'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

In this case, it does not appear that petitioner seeks leave to amend in bad faith or with undue delay. Although respondents are correct that petitioner failed to attached his amended petition as required by Local Rule 15-1, the court is not persuaded by respondents' argument that petitioner should be precluded from amending his petition simply because he failed to comply with the local rule. Additionally, petitioner has not previously filed an amended pleading and the prejudice to respondents is minimal. Accordingly, the court grants petitioner leave to file an amended petition. Because respondents' motion to dismiss is predicated on the earlier filed petition, the court denies the motion without prejudice so that respondents may bring a subsequent motion to dismiss based on the amended petition, if they so choose.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file an amended petition (ECF No. 14) is **GRANTED**. Petitioner shall submit his amended petition within **thirty (30) days** of the date of entry of this order.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 10) is **DENIED without prejudice**. Respondents shall have **forty-five (45) days** from the date of service of the amended petition to file their answer or other response to the amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time in which to respond to respondents' motion to dismiss (ECF No. 15) is **DENIED** as moot.

DATED this 7th day of June, 2012.

_____
CHIEF UNITED STATES DISTRICT JUDGE