



```
___ FILED              ___ RECEIVED
___ ENTERED            ___ SERVED ON
            COUNSEL/PARTIES OF RECORD

              JAN 2 9 2013

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KAMEDULA, | 3:11-cv-00533-RCJ-VPC |
| *Petitioner*, | ORDER |
| vs. | |
| GREG SMITH, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#20) to dismiss based upon a failure to exhaust two of the three grounds in the amended petition (#19). The motion to dismiss is unopposed.

After receipt of the motion to dismiss and a *Klingele* minute order, petitioner sought and obtained an extension of time to respond to the motion. The extended response time expired on September 23, 2012, and petitioner has not filed an opposition to the motion.

Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." When an opposing party receives notice and is given sufficient time to respond to a motion to dismiss, a district court does not abuse its discretion in granting the motion based on failure to comply with a local rule. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995). Before dismissing a case for failing to follow local rules, the district court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their

merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

In the present case, petitioner was given appropriate notice of respondents' motion to dismiss both when the motion was served and further when he was provided a *Klingele* notice by the Court. He has had ample time to respond to the motion to dismiss, including an extension of time. The Court has weighed the above factors. It finds that the public's interest in expeditious resolution of litigation, particularly litigation relating to the matters concerning criminal convictions, as well as the Court's need to manage its docket, outweigh the risk of prejudice and the remaining factors. The motion to dismiss therefore will be granted due to petitioner's failure to respond to the motion under the local rule.

Moreover, it appears from review of the state court record materials that petitioner did not fairly present claims based upon the same federal legal theories arising and the same operative facts as the claims presented in Grounds 1 and 2 in the amended petition.[1] In order to fairly present and exhaust a claim, the petitioner must present the state courts with both the operative facts and the federal legal theory upon which the federal habeas claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Presentation of another claim in the state courts based upon the same legal theory but different operative facts, or a claim based upon the same operative facts but a different legal theory, does not fairly present and exhaust the federal claim.

IT THEREFORE IS ORDERED, pursuant to Local Rule LR 7-2(d), that respondents' motion (#20) to dismiss is GRANTED, consistent with the remaining provisions below, such that the Court holds that Grounds 1 and 2 of the petition, as amended, are not exhausted.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk for filing a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. The entire petition will be dismissed without prejudice for lack of complete

---

[1] Compare #19, at 3-5, with #11, Exhs. 5 & 17.

exhaustion if a motion is not timely filed. Further, if petitioner seeks dismissal only of the unexhausted claims, he shall specify the claims as to which dismissal is sought. Any failure to unambiguously identify the specific claims to be dismissed on a motion for partial dismissal may result in the entire petition instead being dismissed, for lack of a clear election of requested remedies by petitioner.

IT FURTHER IS ORDERED that the standard response (14 days from service of the motion) and reply (7 days from service of the opposition) times under Local Rule LR 7-2 shall apply to any motion filed.

DATED: This 28th day of January, 2013.

ROBERT C. JONES
Chief United States District Judge